DAVID N. HENNING *vs.* ROSANNA VARNER, Adm'x
*d. b. n. c. t. a.* of THOMAS HENNING.

## *Residuary Legatees.*

A testator, by the first clause of his will, bequeathed his entire estate to
his wife during widowhood, and directed that, at her death, the estate
should be divided equally among his four children, if they were then
living; and in case of the death of any of them before the widow, their
children, if any, should take their shares respectively. By a subsequent
provision in his will, the testator directed that a sum of money due to
his estate, at the death of his wife's mother, should, when received, be
forthwith divided equally between his wife and children; the children
of any of the latter who might die meanwhile, to take in their parent's
stead. He further directed that the same disposition should be made of
the proceeds of sale of a slave, should his wife sell her for cause; and
should any of his tenants exercise the right of purchasing out their
ground rents, the money so received was to go in like manner; and fur-
ther, that whatever his widow might be able to give to any of the chil-
dren out of the estate, during her life, should be charged to their shares
respectively, so that, ultimately, equal justice might be done to all.
HELD:

That under this will, there were no *residuary* legatees.

To constitute parties *residuary* legatees, there must appear, from some pro-
vision of the will, its terms, or true construction, that the testator in-
tended to bequeath to them the residue of his estate.

APPEAL from the Orphans' Court of Baltimore City.

This appeal was taken from a decree of the Orphans' Court
of Baltimore city, refusing letters of administration, *d. b. n.
c. t. a.*, on the estate of Thomas Henning, to the appellant,
and granting them to the appellee. Thomas Henning, by
his will, dated the 10th of August, 1830, devised and be-
queathed all his estate, real, personal and mixed, to his wife,
Elizabeth, so long as she remained a widow, and directed
that after her death, his estate should be divided into four
equal parts, provided all his children should be then living,
and if any of them should die leaving heirs, such heirs
should inherit their parent's share. He bequeathed to his

son, Daniel, one share, one share to his son, David, one share to his daughter, Ann Maria, and one share to his daughter, the appellee. He willed that whatever his widow might be able to give to any of the children, from time to time, out of the proceeds of his estate, might be charged to them, and their receipts taken therefor, so that ultimately equal justice might be done to all. The testator directed that a sum of money, supposed to be from eight to nine hundred dollars, due to his estate at the death of the mother of his wife, should, when received, be forthwith divided in equal shares between his wife and children; the children of the latter, who might have died meanwhile, to take in their parent's stead. He further directed that the same disposition should be made of the proceeds of sale of his slave Louisa, should his wife sell her for cause; and if any of his tenants should exercise the right of purchasing out their ground rents, the money so received should go in like manner. He appointed his wife and his son Daniel his executors. The widow deceased without having married. Prior to her death, her son Daniel died, leaving no issue. Her other son, David, also died prior to her death; he left children, of whom the appellant is one. The appellant's elder brother is a non-resident of the State. The two daughters, Ann Maria and the appellee, still survive.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*S. Teackle Wallis,* for the appellant.

The appellant having actually applied for letters of administration, they should have been granted to him at once. He was, at the time of his application, and at his grand-mother's death, a residuary leagatee under the will, in his own right, and being a male, should have been preferred under the plain requirement of the Statute.

Under section 70, of Article 93 of the Code of Public General Laws, "the person entitled" has preference, where he or she actually applies, and as section 34 makes residuary legatees "entitled"—the male in preference to the female legatee—it must follow, in cases of administration *de bonis non, c. t. a.,* that the male residuary legatee, if there be one, has the right to administration, unless, the provision in said section that, "a male legatee shall be preferred to a female," means, *when in equal degree of kin.* No such good reason, however, exists.

The question of "next of kin," can only arise where letters are to be granted according to and by reason of relationship to the deceased. Where the fact of relationship has nothing to do with the qualification of the administrator or with his right to administer, the degree of relationship cannot *a fortiori* be a subject for consideration. Here, administration is given by the law to residuary legatees, who may not be of kin to the deceased at all, and even if they happen to be of kin, they are not entitled to administer by reason of that fact, but simply because they are residuary legatees, and because, being such, they are male or female, as the Statute indicates.

· A legatee may be a residuary legatee, without the use of any particular form of words. In this case, there is certainly a testamentary disposition of a part of the estate, to take effect in advance of the death of the testator's widow— money legacies to be divided, when received, between his children and the widow, absolutely and at once. What is left, and only what is left—the residue—goes to the wife for life, with remainder as provided. No clearer residuary legacy, in effect, could be given—and if it be residuary in effect and operation, it can make no difference that it is not specifically called such.

If the appellant, in his own right, is a residuary legatee under the limitations of the will, it can make no difference that he is only one of several in like case. The Statute con-

templates there being more than one, in the very provision which gives preference to the male over the female. And if the appellant is a residuary legatee at all, and takes by purchase, as such, his right is as distinct from that of the rest of his father's children as it is from that of the appellee.

*H. Clay Dallam* and *Wm. Schley*, for the appellee.

The present case is not within the operation of section 34 of Article 93 of the Code. That section properly applies, and only applies, to a case of original administration. It does not apply to a case of administration *de bonis non*, such as this; and for which special provision is made by section 70.

But even if a case of administration *de bonis non*, be within the operation of section 34, still, the appellant, upon the true construction of the will of Thomas Henning, is not " a residuary legatee in such will;" and is not, therefore, in any view that may be taken, entitled to administration, in preference to the appellee.

A residuary legatee is he to whom the *residuum* of the estate is devised or bequeathed by will, and the *residue* is that which remains of something, after taking away a part of it; as the residue of an estate, is that which has not been particularly devised by will. 8 *Comyn's Dig.*, 444; 2 *Bouvier's L. Dictionary*, 468.

Section 34 of Article 93 of the Code, should be construed in connection with sections 18, 19 and 23. Nearness of kin is carefully regarded throughout the Act; and the provision in section 34, that " a male legatee shall be preferred to a female," means, *when in equal degree of kin.*

The whole testamentary law (Article 93 of the Code) must be construed together, and next of kin is always entitled to administration. *Kearney vs. Turner*, 28 *Md.*, 408, 423, 424, 425.

If the will is to be construed as disposing of a *residuum*, then the appellee is one of the residuary legatees, and the appellant is not, for he only takes as one of the heirs of his father.

Henning *vs.* Varner, Adm'x, *d. b. n. c. t. a.*

STEWART, J., delivered the opinion of the Court.

This appeal, from the Orphans' Court of Baltimore city, involves the right to letters of administration *de bonis non cum testamento annexo,* upon the estate of Thomas Henning.

The appellant insists that he is entitled, as one of the residuary legatees, whilst the appellee claims as the nearest of kin.

Under the 34th section of the 93d Article of the Code, where letters of administration are to be granted, with a copy of the will annexed, and there are residuary legatees and no widow, the male residuary legatee is preferred to the female. This section has no reference to the degrees of kindred—the male, although an utter stranger, by blood, is preferred to the female, however near to the deceased by affinity or consanguinity. In such case, the daughter of the testator, although a residuary legatee, must be postponed to her nephew, the grand-son of the testator, a male residuary legatee. But this preference, according to the terms of the section, is only given where there are *residuary* legatees; and the appellant, to entitle him to be preferred, must show, from the true construction of the will, that he is not merely *legatee,* but a residuary legatee.

The bequest, by the first clause of this will, is made of all the property of the testator, to the wife, during her widowhood, with the remainder thereof, limited over, at her death, to the other parties described in the will, of which the appellant is one. Under the terms of this first clause, the testator disposes of all his estate, leaving no residue.

The subsequent provisions, as to the money due *at the death* of his wife's *mother, when received,* to be equally divided between his wife and children, or grand-children; and the proceeds of any *future* purchase of ground rents, or from the *contingent* sale by his wife of the slave mentioned in the will, to be divided in the same manner, do not change the antecedent general disposition of his estate, so as to constitute the parties, who took under the first clause, residuary legatees.

Construing the will, with its various clauses, as one instrument, it does not appear, from those latter bequests in regard to any *future* assets, that the testator had in contemplation the disposition of any residue of his estate, or to alter the first bequest or general clause. There must appear, from some provision of the will, from its terms or true construction, that the testator intended to bequeath the residue of his estate to parties, to constitute them his residuary legatees.

A residuary legacy is a bequest of all the testator's personal estate, not otherwise effectually disposed of by his will. 6 *Bacon's Abridg.*, sec. 1, *p.* 303.

We do not discover, from any of the provisions of the will, separately or conjointly considered, any intention to dispose of a *residuum* of his estate; and there are no residuary legatees provided for by the will, either by its language or legal construction, within the meaning of the section of the Code referred to.

The widow, children and grand-children take the portions given to them as legatees.

The Orphans' Court committed no error in the refusal to recognize the right of the appellant as residuary legatee.

*Decree affirmed.*

(Decided 17th February, 1871.)