Carpenter *vs.* Jones, *et al.*, Adm'rs.

(Decided 15th June, 1876.)

A. W. CARPENTER *vs.* I. THOMAS JONES, and others, Administrators of JAMES STRATTON.

*Renunciation of right to Administer—Art. 93, sec. 38 of the Code—Mistake in Law.*

Sec. 38, Art. 93 of the Code provides, that "if any person entitled to administration shall deliver or transmit to the Court a declaration in writing that he is willing to decline the trust, the Court shall proceed as if such person were not entitled." J. S. died, leaving no relations. C. claiming to be the largest creditor of the estate of the deceased, addressed a letter to the Orphans' Court, in which he stated that he "would ask the appointment, of Mr. J. N. D., as administrator of said estate. HELD :

1st. That this paper amounted to a declaration by the writer of his willingness to decline the administration.

2nd. That such declaration was final and irrevocable.

3rd. That the Orphans' Court then had full power to proceed to grant administration as if C. were not entitled.

4th. That said declaration could not afterwards be withdrawn by C. on the ground of a mistake by him as to the legal effect of the paper.

A mistake in facts will always be remedied by the Courts as far as can be done consistently with right and justice; but where the mistake is purely a mistake in law, they will not interfere.

APPEAL from the Orphans' Court of Howard County.

James Stratton of Howard County, died on the 9th of August, 1875, intestate, and without leaving any kin, but leaving as it was then supposed, a large personal and some real property in this State. At the first meeting of the Orphans' Court of said county thereafter, on the 17th of August, the subject of administration upon the estate of said deceased was canvassed, and there was presented the petition of seven persons claiming to be creditors, and asking the appointment of their counsel, S. A. Cremin and I. Thomas Jones, to collect said estate ; also a letter from the appellant which is set out in the opinion of this Court, asking the appointment of the Rev. James N. Davis, as administrator, because of the confidence which he had heard the deceased express in said Davis, during his (the appellant's) attendance as his physician.

Twenty days not having elapsed since the death of the deceased, the Court ordered that further consideration of the subject be postponed until its next meeting, on the 7th September. In the meantime, however, to wit, on the 18th of August, I. Thomas Jones and S. A. Cremen, filed in said Court their petition, asking that they be appointed administrators, upon the recommendation in writing therewith filed, of the seven alleged creditors.

Thereupon, on the 7th of September, the appellant presented his written application for letters of administration, wherein he set forth that he was the largest creditor of said estate, as was evidenced by his own account, for pro-

fessional and other services rendered and medicines furnished, duly proved and therewith filed, and also by several other accounts duly proved and assigned to said appellant, and therewith filed ; that he had recommended the appointment of said Davis, but was since advised that such recommendation did not *entitle* said Davis to be appointed, and, therefore, he thereby revoked the same, and claimed the appointment for himself under *Art.* 93, *sec.* 30, *of the Code of Public General Laws.*

The Court, by its order of the 8th of September, committed the administration to I. Thomas Jones, Edwin Linthicum and Charles Bathgate.

From this order, Dr. Carpenter appealed ; and on the 20th of the same month he filed his petition, alleging that his recommendation of the Rev. J. N. Davis was written under a mistake, and was not intended as a renunciation of, or declaration of his willingness to decline such trust ; he therefore prayed that the letters of administration which had been granted might be revoked, to the end that he might be appointed to such administration, as entitled by the laws of the State. The administrators answered, and on the 5th of October, 1875, the Court passed an order dismissing the petition. From this order the petitioner appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT and ROBINSON, J.

*Wm. Daniel* and *Jas. Mackubin,* for the appellant.

*I. Thomas Jones* and *Henry E. Wootton,* for the appellees.

BRENT, J., delivered the opinion of the Court.

But few cases can arise in this State, where the appointment of an administrator is within the discretion of the

Orphans' Court. The person entitled is generally designated by our statute, and when so designated the requirement of the statute must be strictly obeyed. *Smith and Wife vs. Young*, 5 *Gill*, 197 ; *Nusz, et al. vs. Grove*, 27 *Md.*, 400 ; *Kearney vs. Turner*, 28 *Md.*, 423. Relations in the order and within the degrees specified, are first entitled. If no relations, then administration is to be granted to the largest creditor applying. *Art.* 93, *sec.* 30. If there are no relations, and no creditors applying, then the grant of letters is in the discretion of the Orphans' Court.

In the present case, the deceased, so far as known, left no relations, and the question presented by this appeal is whether or not the appellant, who claims to be a creditor, ought to have been appointed by the Orphans' Court of Howard County.

No other creditor seems to have applied, and as the appointment of the appellees, was made in point of time as required by *sec.* 16, *Art.* 93, the letters granted to them will not be revoked, unless the appellant is found to have been entitled.

In the case of *Stocksdale and Wife vs. Conaway, Administrator of Cover*, 14 *Md.*, 99, Josias H. Cover, who was entitled to administration, filed his renunciation in the Orphans' Court, "desiring at the same time, that letters might be granted to John H. Conaway." Letters were accordingly granted to Conaway, when Mrs. Stocksdale, the person next entitled after Josias H. Cover, filed a petition for their revocation. Josias H. Cover then offered to withdraw his renunciation, and asked that letters might be granted to him, in the event of the letters of Conaway being revoked.

It was urged in the argument that his renunciation was conditional ; and his right to withdraw it, and claim the administration as against Mrs. Stocksdale, was one of the questions decided by the Court. It was held, that having

made his election to decline the administration it was final and could not be retracted or abandoned.    The case of *Thornton vs. Winston*, 4 *Leigh*, 152, was cited as authority, and the doctrine there laid down approved.

On the 17th of August, 1875, the appellant filed in the Orphans' Court the following paper:

"Elkridge Land., Md., Aug. 16th, 1875.

To the Hon. the Judges O. C.

The undersigned, the attending physician to the late James Stratton, takes great pleasure in impressing the Hon. Court that during his attendance on the said James Stratton, he expressed himself as confiding in the Rev. Mr. Jas. N. Davis, he having used this language or to the effect, 'that he had more confidence in him, the said Revd. James N. Davis, that while others came to take from him, Revd. Mr. Davis came as company, and he would do him justice.'

"The undersigned having a bill of $266.50, and representing the interest of the consulting physician, Dr. D. Atkinson, of the City of Baltimore, $50.00, the two being the largest claims against the said estate as far as known to the undersigned, would ask the *appointment* of Revd. Mr. Jas. N. Davis as administrator of said estate.

> Most respectfully,
>
> A. W. CARPENTER, M. D."

*Sec.* 38, *Art.* 93 of the Code provides that "if any person entitled to administration shall deliver or transmit to the Orphans' Court a declaration in writing that he is willing to decline the trust, the Court shall proceed as if such person were not entitled." The Orphans' Court construed and as we think correctly, the paper referred to, as a declaration by the appellant of his willingnesss to decline the administration. In stating that he is the largest creditor,

he clearly indicates that he is entitled to administration, and his recommendation of another cannot be understood in any other light than an abandonment of his claim.     In the case in 4 *Leigh,* where the renunciation was an agreement that administration should be granted to another, TUCKER, J., says ''Now this agreement by an executor, that another shall qualify as administrator, amounts of course to a refusal of the executorship.''     We do not understand that a different construction can be given to the language used by the appellant.   His agreement and recommendation, that another shall be appointed administrator, necessarily presuppose that he himself declines the trust.   The argument that he cannot decline until after he *applies* is not sound.   It would be an anomaly to require a party to petition for a trust and ask that it may be conferred upon him, so that almost the next instant he may be enabled to say he does not desire it and will not accept it.   Such a course of proceeding could not be sanctioned, for the Courts require that every application and petition presented for their judgment should be made in good faith.

Upon the authority of the case of *Stocksdale and Wife vs. Conaway, Adm'r of Cover,* cited above, we must construe the paper above referred to, to be in legal effect a declaration by the appellant of his willingness to decline the administration, and hold such declaration to be final and irrevocable.

It follows, that the Orphans' Court in granting letters of administration on the 8th day of September, 1875, had full power to proceed in doing so, as if the appellant ''were not entitled.''   Their order of that date will therefore be affirmed.

On the 20th September, the appellant filed a petition for the revocation of the letters which had been granted by the order of the 8th, upon the ground of mistake in the paper filed by him on the 17th of August.   This petition

Carpenter *vs.* Jones, *et al.*, Adm'rs.

was dismissed by an order of the Orphans' Court on the 5th day of October, 1875 ; and from this order an appeal has also been taken.

The mistake complained of, is a mistake in law—being the legal effect of the paper. There is no mistake of fact relied upon and cannot be. The paper was written by the appellant, and the facts and statements contained in it are not alleged to be erroneous, and otherwise than stated. Mistake in facts will always be remedied by the Courts as far as can be done consistently with right and justice—but where the mistake is purely a mistake in law, they refuse to interfere.

The case of *Thomas, Adm'r of Young vs. Knighton,* 23 *Md.,* 327, is relied upon as authority in support of this petition. The printed report does not set out the mistake under which it is alleged Mrs. Young executed her renunciation in that case. But by referring to the record, it is found to be a *mistake of fact,* the allegation being "that she did not know when she signed said paper what it was, but she was led to believe from what said Thomas told her that it was of a different purport from what it really is." The case is therefore wholly inapplicable, the mistake relied upon, not being, as in the case before us, a mistake of law.

The order of the Orphans' Court of the 5th of October, 1875, will therefore also be affirmed.

*Orders affirmed.*

(Decided 15th June, 1876.)