(Decided April 1st, 1897).

RACHEL B. BRODIE *vs.* W. FRANK MITCHELL AND HENRY S. JEAN, ADMINISTRATORS C. T. A. OF JOHN A. BRODIE.

*Executors and Administrators—Administration Cum Testamento Annexo—Right of Widow to Administer the Will—Notice to Parties First Entitled to Letters—No Delegation of the Right to Administer.*

Code, Art. 93, sec. 34, provides that when letters of administration with the will annexed are to be granted, the residuary legatee is to be preferred to all except a widow, and that before administration is granted to any other person, notice must be given to the parties first entitled.  The widow of a man who was supposed to have died in-testate and without children renounced her right to administer and letters were granted to a certain party at her request.  Subsequently the man's will was admitted to probate.  The executrix therein named, who was also the residuary legatee, renounced administra-tion and at her request letters *c. t. a.* were granted by the Orphans' Court to the appellees without notice to the widow.  *Held,*

1st. That the widow had not renounced her right to administer the will, and the letters having been granted without notice to her, she was entitled to have the same revoked and letters of administration *c. t. a.* granted to her as being first entitled under the statute.

2nd. That the Orphans' Court exceeded its authority in granting letters of administration *c. t. a.* to the appellees upon the nomination of the executrix named in the will, since the right to administer cannot be delegated.

Appeal from an order of the Orphans' Court of Baltimore County refusing to revoke letters of administration *c. t. a.* on the estate in question, and dismissing the petition of appellant asking for the grant of such letters to her.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD and RUSSUM, JJ.

*John I. Yellott*, for the appellant.

· Submitted for the appellees on brief by *George Yellott* and *W. Frank Mitchell.*

RUSSUM, J., delivered the opinion of the Court.

This appeal is taken from an order of the Orphans' Court of Baltimore County refusing to revoke letters of administration, *cum testamento annexo,* which had been granted to the appellees upon the estate of Dr. John A. Brodie, and dismissing the petition of the appellant, asking the revocation and the grant of letters to her.

Dr. John A. Brodie died in the month of June, 1896, apparently intestate, leaving a widow, the appellant, but no children. The appellant, the person entitled to administer the estate, renounced her right thereto, and at her request letters of administration were granted to her brother, George P. Stanfield, who proceeded to settle the estate. In October, 1896, Dr. Eldert, of the State of New York, presented in the Orphans' Court a paper-writing purporting to be the will of Dr. John A. Brodie, made some years before in the State of New York, where Dr. Brodie then resided. This

paper-writing was admitted to probate without contest, and Miss Elizabeth Eldert, the executrix named in the will, filed her renunciation of the right to administer, and requested that letters of administration, with the will annexed, be granted to the appellees, with which request the Orphans' Court complied without any notice to the appellant, the widow. The appellant then appeared in Court and objected to the grant of letters *cum testamento annexo* to the appellees, and filed her petition asking that the order granting letters to the appellees be revoked, and that they be granted to her, as being the first entitled under the statute—which right was denied and her petition dismissed.

The contention of the appellees is that under section 38 of Art. 93 of the Code of Public General Laws, the widow was not entitled to notice of the grant of letters with the will annexed, because she had renounced her right to administer upon the estate when she supposed her husband had died intestate, and the Orphans' Court could, therefore, proceed as if she were not entitled. This contention cannot be maintained. Section 34 of Art. 93 provides that "where letters of administration with the will annexed are to be granted, the residuary legatee or legatees shall be preferred to all except a widow," and that, "before administration shall be granted to any other person," the Court is required to proceed "in the manner directed by law with respect to executors within the State." The "manner directed by law" is to be found in sections 31 and 33 of the same Article. The language of section 34 necessarily imports that the persons entitled shall have a day in Court to make application. It was never intended that the Orphans' Court might appoint whom they please and when they please, administrator *cum testamento annexo*, without notice or opportunity to those entitled of making application. The appellant, Mrs. Brodie, having the right to letters of administration with the will annexed, could not be deprived of it except by her renunciation, and the duty of the Orphans' Court was to summon her. Every reason that can be assigned for re-

quiring notice to the parties entitled in the first instance applies with equal force to the second. *Thomas* v. *Knighton,* 23 Md. 318 ; *Georgetown College* v. *Browne,* 34 Md. 456 ; *Wilcoxen* v. *Reese,* 63 Md. 542.

The appellant never relinquished her right to administer the will, but promptly insisted on it. The Orphans' Court in appointing the appellees, upon the nomination and delegation of the executrix named in the will, exceeded its authority. The right to administer is a valuable right and cannot be delegated. *Stockdale* v. *Conaway,* 14 Md. 99, and cases there cited ; *Thomas* v. *Knighton,* 23 Md. 318.

For these reasons the order of the Orphans' Court for Baltimore County refusing letters of administration *c. t. a.* on the estate of Dr. John A. Brodie and dismissing the petition of the appellant must be reversed, and the cause remanded for further proceedings in accordance with this opinion, costs to be paid out of the estate.

*Order reversed and cause remanded.*

(Decided April 1st, 1897).