# AUGUSTA E. SLAY *vs.* WILLIAM W. BECK and LEWIN W. WICKES, ADMINISTRATORS, &c.

*Right to Administer Upon Estate of Decedent—Renunciation of Right Executed Under Mistake—Form of Issues from Orphans' Court.*

H died intestate, leaving surviving him a wife and infant children, his mother and two sisters. The widow filed a renunciation of her right to letters of administration and requested that the same be granted to the appellees, which was accordingly done but without any notice or citation from the Orphans' Court to the other parties. Then one of H's sisters asked that these letters be revoked and that administration be granted to her, filing with the petition a renunciation by the other sister. The answer of the appellees to this petition alleged that the widow's renunciation had been executed under a mistake of

fact, and asked leave to withdraw the same, and also alleged that the petitioner had forfeited or waived her right to administer. *Held*, that under Code, Art. 93, secs. 18 and 19, H's widow was first entitled to adminster, but her right could not be delegated to others; that upon the renunciation of the widow and of one of the sisters of H, the right to administer devolved upon the other sister under Code, Art. 93, sec. 21; that if the renunciation of the right to administer by H's widow and his two sisters were valid, then his mother was entitled to administer, under Code, 93, sec. 21, and that if the widow's renunciation of the administration was executed under a mistake of fact, it should be revoked.

*Held*, further, that under the petition and answers, the only issues proper to be submitted for trial to a jury are, did the sister of the deceased renounce or waive her right to administer upon his estate, and did the widow of the deceased execute her renunciation of the right to administer under a mistake of fact.

*Held*, further, that upon the trial of these issues, the administrators as appointed should be the plaintiffs, since the burden of proof is upon them.

*Decided January 8th, 1908.*

Appeal from the Orphans' Court of Kent County.

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, BURKE and ROGERS, JJ.

*John Prentiss Poe* and *Hope H. Barroll*, for the appellant.

*William W. Beck* and *Lewin W. Wickes*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court for Kent County, passed on the 20th day of August, 1907, directing that certain issues be framed and sent to the Circuit Court for Kent County, to be tried by a jury. The record clearly discloses the facts upon which the controversy rests.

It appears that Mr. Richard D. Hynson, of Kent County, departed this life in the year 1907, intestate, leaving a widow, Mrs. Emma A. Hynson, and five minor children. He also left a mother, Mrs. Caroline L. Hynson and two sisters, Mrs. Marianne H. Rogers, a widow, and Mrs. Augusta E. Slay, the appellant, in this case.

On the 24th of June, 1907, Mrs. Hynson, the widow, renounced her right to administer upon the estate of her deceased husband and requested that letters be granted to William W. Beck and Lewin W. Wickes, the appellees here.

Thereupon, on June 25th, letters of administration were granted to the appellees, who filed an approved bond.

Subsequently, on July 9th, Mrs. Slay, a sister of the deceased, filed a petition in the Orphans' Court of Kent County alleging that the grant of letters to the appellees was illegal and asking that the letters of administration granted to them be revoked. She filed with the petition a renunciation from her sister, Mrs. Rogers, to all claim to administer, with a recommendation that letters be granted to the appellant. The petition alleged that the deceased left no child or grandchild of legal age to have or claim the right of taking out letters on the estate and that he left no brother, nor father; that he left two sisters, and a mother; that the sister, Mrs. Rogers, and the widow, Mrs. Hynson, have renounced their right to administer and she is under the law the next entitled to take out letters of administration, on the estate. That no citation issued out of the Court to the petitioner, nor to the sister, nor mother of the deceased, to appear, and the petitioner had no notice from the Orphans' Court, nor from any one else of the appointment or of the intention of the Court to appoint the appellees until the appointment of the administrators had been actually made.

The appellees answered the petition on the 16th of July, 1907, wherein they specifically admit certain allegations of the petition, but deny that letters of administration were illegally granted to them. They admit that no citation issued to the appellant, nor to Mrs. Hynson, the mother, to appear but alleged that they waived citation and notice to appear.

By the seventh paragraph of the answer they further allege that Mrs. Hynson, the widow, renounced her right to administer on the estate of her husband upon the ground and with the understanding that Mrs. Hynson, the mother, consented to and approved the appointment of the appellees, and with

the further understanding that all the other personal represen-
tatives of the deceased consented to and approved the appoint-
ment.

By the eighth and ninth paragraphs it is alleged that letters
of administration were granted with the consent and approval of
Mrs. Hynson, the mother, and with the knowledge and approval
of Mrs. Slay, the appellant.

By the tenth and eleventh paragraphs, it is further alleged
that both Mrs. Hynson, the mother, and Mrs. Slay, the appel-
lant, waived and forfeited their right to letters of administration
on the estate of the decedent.

The answer then avers that the renunciation of the widow
was executed and filed under a mistake of fact, that the appel-
lant is not physically capable of administering the estate, that
the interest of the appellant is antagonistic to the interest of
the widow and the Orphans' Court is asked to pass an order
permitting the widow, Mrs. Hynson, to retract and withdraw
her renunciation, and be restored to her former rights, or to
dismiss the appellant's petition.

On the 22nd of July, 1907, the appellant filed a replication
to the appellees' answer, denying its averments and denying
the power of the Orphans' Court to grant any permission to
the widow, "to do anything asked for in the answer."

Upon the facts set out in the petition, answer and replica-
tion, the Orphans' Court rejected ten of the seventeen issues
submitted on behalf of the appellees, and directed seven to be
sent to be tried by a jury. And from this order, an appeal
has been taken.

It will not be necessary for us to discuss in *extenso* the sev-
eral issues as granted by the Court, because we are clearly of the
opinion, that the whole controversy could have been submitted
by three issues.

There can be no question under the undisputed facts of this
case that Mrs. Hynson, the widow, was first entitled to ad-
minister upon the personal estate of the decedent, his children
being minors. *Code*, Art. 93, secs. 18, 19.

While administration can be granted to two or more per-

sons, with the consent of the person first entitled, Code, Art. 93, sec. 15, the right being a valuable one, it cannot be delegated. *Brodie* v. *Mitchell,* 85 Md. 516; *Stocksdale* v. *Conaway,* 14 Md. 106.

Upon the election of Mrs. Hynson to surrender and renounce her right to letters of administration, the right to administer devolved at once upon Mrs. Rogers, a widow, the sister of the deceased. Code, Art. 93, sec. 27. And upon the renunciation of Mrs. Rogers, the appellant, Mrs. Slay, the other sister, became entitled to administer. Code, Art. 93, sec. 20, 21.

Upon the authority of *Stocksdale* v. *Conaway,* 14 Md. 106, and *Carpenter* v. *Jones,* 44 Md. 625, we must hold, the declaration by Mrs. Hynson to decline the administration to be final and irrevocable, unless her renunciation was executed and filed under a mistake of fact. In *Carpenter* v. *Jones, supra,* it is distinctly held, that mistake in facts will always be remedied by the Courts as far as can be done consistently with right and justice, but where the mistake is purely a mistake in law, they refuse to interfere. *Thomas* v. *Knighton,* 23 Md. 327.

The appellees in their answer allege that the widow's renunciation of her right to administer upon the estate of her husband was executed and filed in the Orphans' Court of Kent County under a mistake of fact, and this we think, is a material issue between the parties to be submitted to a jury for decision.

The fourth issue, whether or not Mrs. Augusta E. Slay has renounced or waived any right, which she might otherwise have to administer the estate of Richard D. Hynson, deceased, presents two of the questions in dispute. As suggested by the appellant, the point intended to be presented by it could be better submitted in two issues, to read as follows:

(1) Did Mrs. Augusta E. Slay ever renounce her right to letters of administration upon the estate of Richard D. Hynson, deceased.

(2) Did Mrs. Augusta E. Slay waive her right to letters of administration upon the estate of Richard Hynson, deceased.

These two issues, involving the questions of renunciation and waiver by Mrs. Slay, raised by the answer of the appellees, and the replication of the appellant, together with the seventh issue, which submits the question as to whether Mrs. Hynson's (the widow) renunciation was executed under a mistake of fact, present the material questions in dispute, and covers the entire case, under the pleadings. The remaining issues framed and sent to be submitted to a jury, submit immaterial and misleading propositions and should have been rejected by the Orphans' Court.

The Court also committed an error in directing that upon the trial of issues as granted the appellant should be made plaintiff, and the appellees, defendants. The burden of proof rests upon the appellees, to show the legality of their appointment, upon the issues as framed.

We cannot perceive upon what ground, under the pleadings in this case, the appellees can assert a claim or right to letters of administration upon the decedent's estate.

It is admitted that no citation issued out of the Orphans' Court to the next of kin of the intestate or to Mrs. Caroline L. Hynson, the mother, to appear and show cause why letters of administration should not be granted to them.

By section 21, Art. 93 of the Code, it is provided: If there be neither surviving husband nor widow as the case may be, nor child nor grandchild nor father, brothers and sisters shall be preferred and next to brothers and sisters the mother shall be preferred.

And by secs. 31 and 32 of Art. 93 of the Code it is provided.

31. If there shall be neither husband, nor wife, nor child, nor grandchild, nor father, nor brother, nor sister, nor mother, or if these be incapable, or decline, or refuse to appear on proper summons or notice, or if other relations and creditors shall neglect to apply, administration may be granted at the discretion of the Court.

32. It shall not be necessary to give notice to a party entitled to administration if he be out of the State, nor shall it

be necessary to summon or notify collateral relations· more remote than brothers and sisters of the intestate, in order to exclude them from the administration;  and no relations except a widow, child, grandchild, father, brother, sister or mother shall be considered as entitled unless they shall apply for the same.

Assuming then that the renunciation of Mrs. Hynson, the widow, Mrs. Rogers and Mrs. Slay, the sisters, was validly exercised, Mrs. Hynson, the mother, would under the provisions of the Code referred to, be next entitled to letters of administration.

For the error in granting the first, second, third, fifth and sixth issues, and for the error in ordering that the appellant shall be plaintiff and the appellees defendants, upon the trial of issues the order of the Orphans' Court will be reversed and the case remanded to the end that issues may be granted, as herein indicated.

*Order reversed, and case remanded with costs.*