## WILLIAM E. BUSHONG, ET AL. *v.* LILLIAN E. CLARK, ADMINISTRATRIX

[No. 30, April Term, 1935.]

*Decided May 22nd, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN and JOHNSON, JJ.

*John S. Strahorn* and *Charles W. Main,* for the appellants.

*Eugene P. Childs,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appeal in this case is from three orders of the Orphans' Court of Anne Arundel County. The first of those orders, dated March 5th, 1935, rejected the petition of the appellants, as heirs and next of kin of Oliver Clinton Bushong, deceased, that the appellee, as administratrix, be required to file an account and distribution of the estate. By the second of the orders appealed from, which was passed on March 7th, 1935, the court rescinded its order of September 6th, 1934, which revoked its ratification, on August 24th, 1934, of the first and final account filed by the administratrix on the preceding day. The

third order questioned by the appeal dismissed, on March 19th, 1935, a petition of the appellants for the rescission of the order of March 7th.

In the administration account, both as originally and as finally ratified, provision was made for the payment of a personal claim of the administratrix against the decedent. The claim, amounting to $1,560, was expressed as being for "board, laundry and nursing care for three years at $10.00 per week." There was no indication by date as to when that period began or ended. The affidavit to the claim was not in full compliance with the provisions of sections 93 and 97 of article 93 of the Code. *Bogart v. Willis,* 158 Md. 393, 148 A. 585. The whole of the personal estate remaining after the payment of costs, commissions, and funeral expenses would be exhausted by the allowance of the claim. It is inferable from the record that the rescission by the Orphans' Court of its first order, ratifying the administration account, was on the ground that the estate had not been duly inventoried. But the effect of the rescinding order was to place those interested in objecting to the account in the position which they occupied in that respect before it was presented. They were unquestionably entitled to an opportunity to contest the account, or any of its items, when it was resubmitted for the court's approval. It was for the purpose of requiring the submission of a new administration account that the appellants, on February 26th, 1935, filed the petition which on March 5th was dismissed by the first of the orders under review. This was followed two days later by the order ratifying the first and final account originally filed by the administratrix. No hearing preceded those orders. The petition of the appellants for the rescission of the order of ratification was likewise dismissed without a hearing. The specific objection therein urged against the account was in regard to the individual claim of the administratrix which it allowed. It was properly by petition to revoke the ratification that the appellants asserted such an objection. *Shafer v. Shafer,* 85 Md. 554, 37 A. 167. The dismissal

of their petition without a hearing was in disregard of their right to have the claim thus contested.

There is a motion to dismiss the appeal. The theory of the motion is that the proceedings in the Orphans' Court were not conducted in such a manner as to justify an appeal, in view of section 65 of article 5 of the Code, relating to appeals from that court, which provides: "If the decree, order, decision or judgment shall have been given or made on a summary proceeding, and on the testimony of witnesses, the party shall not be allowed to appeal, unless he shall immediately notify his intention and request that the testimony be reduced to writing, and in such case the depositions shall be at the cost of the party in the first instance reduced to writing." The case is not within the purview of that provision. It was not decided on the testimony of witnesses. The reason for the appeal is that no opportunity to offer testimony was afforded. In *Wrightson v. Tydings,* 94 Md. 358, 51 A. 44, a motion to dismiss an appeal from the Orphans' Court, under the Code provision just quoted, was overruled; it not appearing from the record whether any testimony had been produced.

*Motion to dismiss overruled, and orders reversed, with costs, and case remanded for further proceedings.*