## ALFRED W. PHILLIPS *v.* ETHEL PHILLIPS CLARK

[No. 26, April Term, 1939.]

*Decided May 17th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Albert J. Goodman,* for the appellant.

*M. Clare M. Green,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the court. .

The record in this case shows that a certain Addie Florence Phillips died testate in Anne Arundel County on January 13th, 1937. The will was made on December 31st, 1925. By this instrument the testatrix devised and bequeathed all her property to her two sisters, Stella Iren Phillips and Hattie Olive Phillips, as joint tenants, and made them her executrices. Both of these sisters died before the testatrix. On January 31st, the will was admitted to probate. The value of the real estate of the testatrix was estimated to be $3000 and her personal estate to be $1500.

The surviving next of kin of the decedent are two brothers, John L. Phillips and Alfred W. Phillips, who are residents of Annapolis; and three nieces and two nephews, Harriet Peters and James Peters, of Cumberland, Maryland, Philip Windsor Peters, of Baltimore, and Audrey Leah Levine, of the State of New York, and Ethel Phillips Clark, of Annapolis, the appellee and the daughter of the appellant, Alfred W. Phillips. All of these next of kin are adults, with the exception of James Peters, who is an infant.

The brother, Alfred W. Phillips, filed a petition with the Orphans' Court of Anne Arundel County requesting that he be granted letters of administration with the will annexed on the estate of the testatrix. All the other adult next of kin filed renunciations and asked that the appellee Ethel Phillips Clark be appointed. In this action the infant united through his father and guardian. So far, therefore, as the circumstances permitted, every next of kin urged the appointment of Ethel Phillips Clark, except Alfred W. Phillips, who is her father. Mrs. Clark, also, filed a petition for appointment as administratrix. All these papers were filed on January 31st, when the will was admitted to probate. In the proof of the custody of the will there is, at the close of the affidavit by the custodian, the notation "All parties notified", which probably accounts for all these papers being filed by the parties interested on January 31st, 1939, when

the matter was acted upon by the Orphans' Court and on that day decided, without answers or any other pleadings having been made to either of the two petitions. So far as appears, the Orphans' Court disposed of the question of the right to letters of administration upon the two petitions and the renunciations and recommendations filed. If any testimony were taken and reduced to writing, none is incorporated in the record. It is true that the Orphans' Court wrote, at the head of the application of Alfred W. Phillips, the endorsement that his petition was rejected "as the Court does not consider the applicant the proper person to handle this estate." Again, in the order of court signed by the three judges of the Orphans' Court on January 31st, and appointing Ethel Phillips Clark the administratrix with the will annexed of the estate of the testatrix, the introductory recitals affirm that there are the two petitions for letters of administration with the will annexed before the Court; and that one is by the brother "who for good and sufficient reasons this court does not consider the proper person to handle this estate," while the other is by Ethel Phillips Clark, "who has been trustee of the deceased's (an incompetent) estate in the Circuit Court". The court, in the succeeding paragraph, states that John L. Phillips, the invalid brother of the testatrix, has renounced his right to administer, and that he and the children of a dead sister have consented and agreed to the appointment of Mrs. Clark. The court then concludes with the appointment of Mrs. Clark upon her giving bond in a prescribed amount. The bond was given and letters of administration *c. t. a.* were issued and notice to creditors was authorized. From the orders rejecting his application and appointing the administratrix, Alfred W. Phillips has appealed, and a motion is filed in this court for the dismissal of the appeal.

From this summary of the record it is plain that the proceedings were not plenary. No answer under oath was filed to either of the applications. It does not appear what the issues considered were, nor that there was a

hearing of the parties, at which the appointment of the administrator was submitted on an agreement of the facts or on the allegations in either of the petitions. No testimony is found on the record nor is it shown that any was taken nor even that an opportunity to offer proof was afforded. On such a record no judgment or decree may be founded. *Bagby, Excrs. and Admrs.* (2nd Ed.) secs. 154, 155, 174; *Stonesifer v. Shriver,* 100 Md. 24, 28, 29, 59 A. 139. On the other hand, if the orders from which the appeal is taken were made in a summary proceeding, and on the testimony of witnesses, the appeal would have to be dismissed, as the evidence was not reduced to writing under the direction of the court and incorporated in the record. Code, art. 5. sec. 65; *Bowling v. Estep,* 56 Md. 564. 566. However, since it is not affirmatively disclosed by the record that testimony was taken, the appeal will not be dismissed. Bagby, *Excrs. and Admrs.* (2nd Ed.) sec. 174; *Wrightson v. Tydings,* 94 Md. 358, 361, 51 A. 44; *Bushong v. Clark,* 168 Md. 660, 663, 179 A. 57.

While the procedure in the orphans' court is not formal, and great indulgence is allowed in the proceedings, they must nevertheless be conducted in an orderly manner and, generally, conformably to the practice of equity, so that there may be an adequate record in the orphans' court and the legality and propriety of the order, decree, or judgment of the orphans' court may be reviewed on appeal and proper action had. *Bagby Excrs. and Admrs.* (2nd Ed.), sec. 147, pp. 263-265. The record on this appeal is of a proceeding which violates these elementary principles of all procedure. *Horton v. Horton,* 157 Md. 127, 132, 133, 145 A. 355.

It follows that the orders appealed from must be reversed, and the case remanded so as to afford the respective parties an opportunity to have the matter heard and duly determined.

While the orders of the court affirm that the refusal of the court to appoint the brother, who has appealed, was because that tribunal did not consider him "for good

and sufficient reasons * * * the proper person to handle this estate," nevertheless the record does not show that any legal ground of his disqualification exists, nor that the determination of the court was based upon any evidence nor even that it followed upon a hearing of the question.

The right to the grant of letters of administration is valuable. Upon the death of the testatrix after the death of both executrices, the necessity for the appointment of an administrator with the will annexed arose. As the executrices were also the legatees, and there was no residuary legatee in the will, section 34 of article 93 of the Code did not apply, and the right of administration was fixed in accordance with the statutory regulations with reference to the grant of letters of administration in the event of an intestacy. *Henning v. Varner,* 34 Md. 102, 106, 107. Since the testatrix was not survived by a husband, nor child nor grandchild nor father nor mother, nor sisters, her brothers surviving shall be preferred, if qualified. After her brothers, her next of kin or her nephews and nieces surviving, if qualified, are preferred, if eligible. So, before a selection may be made from among the nephews and nieces of the testatrix, the surviving brothers must be unqualified or renounce or decline to qualify as administrators.

One of the two brothers who survived renounced his right to administer, and attempted to transfer his personal right to administer to his niece, the appellee here, as did all the other nephews and nieces. These attempted transfers were all nugatory. While a person entitled may renounce or decline the right to administer, the right inheres in the person and expires with a renunciation or refusal to serve, so that the right may not be transferred. The effect, therefore, of the renunciation by the brother was solely to reduce the persons preferred in the grant of letters to the only other remaining member of that class, Alfred W. Phillips, the appellant. Since this brother did not renounce his right but demanded the grant of letters, the court was bound to appoint him,

if qualified, and could not select from the more remote class of nephews and nieces, until the more proximate class of brothers of the decedent be first duly exhausted. *Slay v. Beck,* 107 Md. 357, 361, 68 A. 573; *Brodie v. Mitchell,* 85 Md. 516, 519, 37 A. 169; *Stouffer v. Stouffer,* 110 Md. 368, 370, 72 A. 843; *Williams v. Addison,* 93 Md. 41, 45, 48 A. 458; *Bagby, Excrs. and Admrs.* (2nd Ed.) secs. 28. 44.

The Orphans' Court erred in the appointment from the class of nephews and nieces, unless the brother who had not renounced was disqualified. The brother, who has appealed, may not be denied the grant of letters of administration unless he be unqualified and so found upon hearing on that issue. On this record it is evident that he was not granted the hearing contemplated by law; and, until it had been so properly established that he does not possess the requisite qualifications, the Orphans' Court was in error in naming an administrator from a distant class of next of kin. The case will be reversed for further proceedings in accordance with the views here expressed. *Horton v. Horton,* 157 Md. 127, 132, 133, 145 A. 355.

> *Orders reversed and cause remanded for further proceedings, with costs to be paid out of the estate.*