# MARYLAND REPORTS.

## JUNE TERM, A. D., 1862.

---

### GEORGE W. COOK, vs. HENRY CARR.

By the testamentary law of Maryland, as contained in Art. 93, sec. 23, of the Code, the right of administration vests in the grand-son of an intestate, in preference to the grand-daughter, notwithstanding he may be indebted to the estate of the intestate ; and the Orphans Court has neither jurisdiction nor power to deprive him of such right.

APPEAL from the Orphans Court of Baltimore city.

George W. Cook filed his petition in the Orphans Court of Baltimore city, on the 19th of April 1862, praying that letters of administration should be granted to him, on the personal estate of Sarah Ann Wigart, deceased, the grandmother of the petitioner. To this petition an answer, in the nature of a cross-petition, was filed on the same day by Virginia Carr, a grand-daughter of said deceased, and her husband, Henry Carr, objecting to the granting of letters to the said Cook, because "that by far the larger part of the estate of the said Sarah Ann Wigart, consists of a debt due by the said George W. Cook to the said deceased, which debt the said Cook denies," and praying that letters should be granted to them.

On the 24th of April 1862, an order was passed by said Court, in which it is said : "It being represented that George W. Cook, the party making the first claim, is largely indebted to the estate, whereby, in the Court's opinion,

1    v.19

he is disqualified for the proper discharge of the functions of administrator, it is ordered that letters of administration be granted to Henry Carr, the party recommended by the other distributees of said deceased's estate.'' From this order the petitioner, Cook, appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Benjamin C. Barroll,* for the appellant :

Under the testamentary law, as contained in Art. 93, of the Code, it was the absolute right of the appellant to be appointed the administrator of the estate of his grandmother. Code, sec. 19, page 621, and sec. 38, page 624. And even if he had been a debtor to the estate, which he denied, that fact did not take away his right, and disqualify him from acting, the Orphans Court being expressly authorized to hear and determine that question, or any one interested being authorized to bring a suit in Chancery and try the question. Code, title ''Test Law,'' sub-title ''Orphans Court,'' sec. 231, page 669. *Scrivner vs. Scrivner,* 1 *H. & J.,* 743. The Orphans Court, being a Court of special jurisdiction, has no discretion, under the law, to grant administration to whomsoever it pleases. The Code is peremptory, and its requirements must be obeyed. The right of the grand-son to the administration could not be taken away at the discretion of the Orphans Court. Code, Art. 93, secs. 31 and 33. 1 *H. & G.,* 484. 6 *G. & J.,* 349. 8 *Gill,* 286. 8 *G. & J.,* 79. 8 *Md. Rep.,* 548. All the Maryland authorities speak of the matter of administration as a matter of right in the party ; a vested right, coupled with an interest.

*George W. Dobbin,* for the appellee :

It is the policy of the law of Maryland to confide the

administration of estates to those who, by reason of their relationship to the decedent, have the greatest interest in collecting, preserving and distributing them. Hence certain rules of preference are prescribed by the testamentary Code, based upon proximity of blood, and are intended, through that general principle, to work out the result above mentioned. These rules, however, have never been considered so arbitrary and imperative in practice as to demand the sacrifice of the obvious interest of the estate to their observance. In the administration of that branch of the law confided to them, the Orphans Courts of the State have necessarily conferred upon them very large discretionary power, to be exercised for the protection of the interests of creditors, legatees and distributees. Without them, it would be in vain that the law empowers them to superintend the distribution of the estates of intestates, secure the rights of "orphans and legatees, and to administer justice in all matters relative to the affairs of deceased persons." Code, Art. 93, sec. 230.

Cochran, J., delivered the opinion of this Court :

This appeal was taken by George W. Cook, from an order of the Orphans Court for Baltimore city, refusing to him, and granting to Henry Carr, letters of administration on the estate of Sarah Ann Wigart, deceased. The appellant and Virginia Carr, the wife of the appellee, stand in equal degree of relationship to the decedent, both being grand-children, and the question as to the right of the appellant to be appointed administrator, is the only one presented.

The determination of this question depends upon the construction to be placed upon the provisions of our testamentary laws, by which the right of administration is fixed and regulated. It was not contended that the alleged indebtedness of the appellant to the decedent's estate, pre-

vented the right of administration from vesting in him, but that it constituted a ground upon which the Orphans Court was authorized to exercise a discretion, as to which of the petitioners letters of administration should be granted. In our opinion, this view of the case is erroneous. It is true, that in a case where two or more persons are equally entitled to letters of administration, the Court may, in its discretion, determine to which of them the letters shall go, but its power, in that respect, results from its obligation to grant letters of administration to some one of the persons thus entitled, and not from the circumstances by which its choice may be determined. Although the Court, in such a case, may grant letters of administration to any one of a class of persons preferred by law, it has no power to discriminate against a person or class so preferred, by granting the letters to one standing in a more remote degree of right. In cases within the verge of the Court's discretion, the argument of the appellee, founded on the policy recognized by the testamentary Code, of confiding the administration of estates to those who, by relationship to the decedent, are presumed to have the largest interest in the distribution, would be irresistible, but it cannot have the effect of enlarging that discretion beyond the limits fixed by the law conferring it. In this case, the appellant and Virginia Carr, although related to the decedent in equal degree, do not stand equal in right to the administration of her estate. The 23rd sec. of Art. 93 of the Code, declares a preference of the male relative for administration over the female of the same degree of relationship, which the Orphans Court should have observed. Under that provision of the testamentary laws, the right of administration vested in the appellant, notwithstanding his indebtedness to the estate of the decedent, and the Orphans Court had neither jurisdiction nor power to deprive him of it by the order passed.

With this view of the question presented, we shall reverse the order of the Court below, and remand the case, so that letters of administration may be granted in accordance with this opinion.

*Order reversed and cause remanded.*

(Decided October 8th, 1862.)