## CATHARINE V. SNOOK, EXECUTRIX, *vs.* SALLIE E. ZENTMYER, EXECUTRIX.

*Orphans' Court—Removal of Executor.*

The Orphans' Court has no power to remove an executor for refusal to obey an order of that Court which was void and nugatory.

Appeal from the Orphans' Court of Washington County.

The cause was argued with the preceding case of *Snook* v. *Munday*.

BOYD, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Washington County removing Catharine V. Snook, one of the executrices of John Munday, deceased. Sallie E. Zentmyer, the other executrix, filed a petition alleging that Mrs. Snook had refused to obey the order of the Court passed on the 13th day of October, 1899, directing them to sell the residue of the real estate of their testator, and asked to have her removed. As we have decided in the case of *Catharine V. Snook* v. *Elizabeth Munday*, that the Orphans' Court had no power to require the executrices to sell the property, it must follow that they had no power to remove her for her refusal to obey that order. Had that case been otherwise decided by us it would have been going very far to permit her to be removed for that reason while that question was still pending, as before the order complained of in this case was passed an appeal had been taken, in due time, from the previous order to this Court. The proper exercise of the powers vested in the Orphans' Courts to remove administrators and executors for failure to perform, or for violating their duties, may oftentimes be productive of much good in the administration of estates, but an improvident use of such powers not only does great injustice to the parties directly affected but is calculated to do harm in other ways. The appellant was not only right in not obeying the order, which was absolutely nugatory and void, but it was her duty to those she in part represented to take an appeal to this Court when the Court below had refused to rescind it. While that appeal was pending, further proceedings based on the order appealed from should have been staid. The order passed on the 14th day of November, 1899, will be reversed with costs.

> *Order reversed, costs above and below to be paid by the appellee.*

(Decided February 15th, 1900).