## JOHN N. KAILER et al. *vs.* THOMAS H. KAILER et al.

*Executors and Administrators—No Appeal from Grant of Administration by the Orphans' Court to one of a Class of Persons Entitled, Together with a Third Person—Indebtedness of Administrator to the Estate.*

No appeal lies from an order of the Orphans' Court appointing one of the sons of a decedent administrator of his estate, jointly with a third person, since all the sons are equally entitled to administer and the selection of one of a class of persons so entitled and the grant of letters to that person jointly with another, with the consent of the person entitled, are matters within the discretion of the Orphans' Court under *Code,* Art. 93, sec. 15.

The circumstance that one of the persons entitled to letters of administration is indebted to the estate is a matter to be considered by the Orphans' Court in the selection of an administrator, but such indebtedness is not a disqualification.

Appeals from the Orphans' Court of Washington County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Alexander Neill* and *M. L. Keedy* for the appellants.

*Buchanan Schley* and *Chas. D. Wagaman* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court:

This is an appeal from an order of the Orphans' Court of Washington County directing letters of administration upon the estate of David Kailer, deceased, to issue to his eldest son, Thomas H. Kailer, and Buchanan Schley.

The decedent, who was a widower, left surviving him five sons and two daughters, and also two grandsons, sons of his deceased son. Of these descendants the eldest son and one of the daughters reside in Washington County. The other daughter resides in Frederick County, and all of the others are non-residents of this State.

The father died on the 21st of August, 1900, and ten days after his death his eldest son, Thomas H. Kailer, made written application to the Orphans' Court to be appointed administrator, requesting that Buchanan Schley be appointed co-administrator with him. Before this petition had been acted upon by the Court a petition and protest was filed by the other four sons in which they protested against the application of Thomas H. Kailer for letters to him and Buchanan Schley, and asked that letters of administration issue to two of their own number. This last petition assigned as the ground upon which it was filed that Thomas H. Kailer was indebted to the father to an extent in excess of his interest in the estate and that his conduct since the death of the father was such that he had forfeited all right and claim to be the sole representative of the estate.

At the hearing of the petitions, testimony was introduced showing that a tin box, found in the trunk of the deceased, contained bonds and stocks worth $13,075, and a note from the appellee, Thomas H. Kailer, for $4,000, but it did not appear what was the entire value of the personal estate. One of the daughters testified that a day or two prior to the death of her father she and her brother, Thomas H. Kailer, counted the money in their father's pocket-book and found it to be five hundred and twenty-five dollars, and that her brother then proposed to her that he and she divide this money between them and say nothing about it to the others. Thomas H.

Kailer went upon the stand and denied that he ever made any such suggestion to his sister in reference to dividing the money found by them in their father's pocket-book, but he insisted that he had told her to keep the money intact until it was called for by the proper parties, and he said that the contents of the box, including his own note, still remained undisturbed. After hearing the testimony, the Court passed an order directing letters of administration to issue to the appellees upon the filing by them of bond as therein set forth, and the appellants appealed.

The appellees have made a motion to dismiss the appeal which must be granted for the following reasons :

As the intestate left no widow, it became the duty of the Orphans' Court to grant the administration to one of his sons, as the Code provides that males shall be preferred in equal degree of kin to females. The five sons of the intestate, therefore, constituted a distinct class, all of whom were equally entitled to the administration. This Court has already decided that in such a case the selection of the one of the class to whom, to the exclusion of the others, letters of administration shall issue, is committed by the law to the discretion of the Orphans' Court, and from its order in that respect no appeal will lie to this Court. *Bowie* v. *Bowie*, 73 Md. 235, 238 ; *Cook* v. *Carr*, 19 Md. 4.

It has also been decided by this Court, that when the Orphans' Court has decided that a particular person is entitled to letters of administration, the power to grant the letters to that person jointly with another, conferred upon that Court by sec. 15 of article 93 of the Code, is one to be exercised entirely in its discretion, and from its exercise no appeal lies to this Court. *Covey* v. *Charles*, 49 Md. 314. When, therefore, the Orphans' Court had determined in this case to grant the administration to the eldest son, who was the only son residing in this State, it was within its discretion with his consent to unite Mr. Schley with him in the administration, and no appeal lies from its action in that respect. Sec. 15 provides that "administration may be granted to two or more persons

with the consent of the person first entitled," but when instead of an individual a class of persons are first entitled the one out of that class, who has been selected as administrator by the Orphans' Court, is the person first entitled within the meaning of the section.

The fact that Thomas H. Kailer was indebted to the estate, was a circumstance to be considered by the Orphans' Court in making selection of an administrator, but such indebtedness did not disqualify him or render his appointment void. *Cook* v. *Carr*, 19 Md. 1; *Kearney* v. *Turner*, 28 Md. 425; *Ehlen* v. *Ehlen*, 64 Md. 364. Both appeals will be dismissed.

*Appeals dismissed.*

(Decided December 13, 1900.)