ANNIE E. McCAUGHY *vs.* BERNARD J. BYRNE,
ADMINISTRATOR C. T. A. OF EMILY M. WYMAN,
DECEASED.

*Administrators; right to letters of administration; residuary
legatee; creditors; Code, Article 93, sections
30, 35; lunacy of party entitled.
Orphans' Court; powers
and discretion.*

Section 30 of Article 93 of the Code of Public General Laws,
relating to the appointment of administrators, applies only to
cases of intestacy and is not applicable merely because the
decedent left no relations.                              p. 88

The mere fact that a residuary legatee takes only an estate in
remainder does not take him out of the category of those
entitled to letters of administration under section 35 of Arti-
cle 93.                                                  p. 88

Where letters of administration are to be granted *c. t. a.,* sec-
tion 35 of Article 93 of the Code of Public General Laws is
to be followed in the same manner as directed by the law in
respect to executors within the State, before letters shall be
granted to any other person.                            p. 88

Where there is only one individual answering to the statutory
description of the persons entitled to letters, the law must be
strictly obeyed and such person be appointed.           p. 88

Where a class of persons is equally entitled to letters of admin-
istration the Orphans' Court has the power and discretion to
make the selection.                                     p. 88

Where there are two residuary legatees named in a will, one
of whom appears to be *non compos mentis,* if the Orphans'
Court has no power to determine the issue of sanity, it may
issue a writ *de lunatico inquirendo* to try that issue, and if it
in that manner determines that one residuary legatee is *non
compos mentis,* then the other would be entitled to appoint-

ment; or the Orphans' Court in the exercise of its discretion might simply select the latter as one to whom the letters should issue.                                                              p. 89

It is erroneous for the Orphans' Court, in the face of an application for letters of administration by a residuary legatee entitled to receive them, to issue the letters to a creditor.   p. 89

*Decided February 3rd, 1911.*

Appeal from the Orphans' Court for Howard County.

The cause was submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON, THOMAS, SCHMUCKER and URNER, JJ.

*John G. Rogers* filed a brief for the appellant.

*Louis T. Clark* filed a brief for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decision of. the Orphans' Court of Howard County that a creditor of a testator was entitled to precedence over a residuary legatee in the grant of letters of administration *cum testamento annexo* upon the estate.

It appears from the record that Emily Madeline Wyman, a widow, residing in Howard County, died in June, 1910, leaving a last will, which was duly admitted to probate by the Orphans' Court of Howard County on August 2nd, 1910. Her will, after making sundry specific devises and bequests and pecuniary legacies, disposed of the residue of her estate in the following terms: "And I do devise and bequeath all the rest and residue of my estate, both real, personal and mixed, to my sister, Mary Theresa Dallas, at her death to go to Annie McCaughey in reward for her devotion to my sister." By an earlier clause of the will she gave No. 23 Tremont street, Boston, Mass., and the sum of three thousand dollars to Francis J. Horgan in trust for her sister,

Mary Theresa Dallas, for life, with remainder to Annie McCaughey for her devotion to the sister.

The will named the National Savings Trust Company, of Washington, as executor, but that institution declined to act as such, whereupon on Sept. 6th, 1910, the Orphans' Court passed an order appointing Mary T. Dallas, the sister of the testatrix, administratrix *cum testamento annexo* of her estate.

On October 11th, 1910, Francis J. Horgan, trustee of Mary T. Dallas, and the appellant as a remainderman under the will of Mrs. Wyman, filed a joint petition in the Orphans' Court alleging the death of Mrs. Wyman, testate, the admission of her will to probate, the renunciation of the executor therein named and the order of Court appointing Mary T. Dallas administratrix *cum testamento annexo,* and averring that Mary T. Dallas was *non compos mentis* and hence incompetent to act as such.

The petition prayed for the rescission of the order appointing Mary T. Dallas administratrix *c. t. a.,* and the appointment as such administratrix of the petitioner, Annie E. McCaughey, who claimed the right to the appointment by virtue of her being a residuary legatee under the will.

It was further averred in the petition that Horatio Nelson Dallas, the brother of the testatrix, was a non-resident of this State, and that his place of residence was otherwise unknown except that when last heard from he was a resident of the State of Massachusetts, but that he had not been heard from for a long time.

On the same day, Oct. 11th, 1910, Bernard J. Byrne, of Howard County, claiming to be a creditor of the testatrix to the extent of sixty dollars, filed his petition in the Orphans' Court, averring that she had left surviving her no relatives legally competent and praying that letters of administration *c. t. a.* on her estate be issued to him as the person who, under the circumstances, was first entitled thereto.

On the same day the Orphans' Court passed the order, appealed from, rescinding its former order of Sept. 6th, 1910, by which Mary T. Dallas had been appointed administratrix

*c. t. a.* and directing letters of like character to be issued to Bernard Byrne.

The Orphans' Court were clearly in error in treating Byrne, a creditor of the testatrix, as entitled to the letters of administration in precedence of the appellant as a residuary legatee under her will. Section 30 of Article 93 of the Code of 1904, does provide that "If there be no relations administration shall be granted to the largest creditor applying for the same," but it is clear from the context that that provision relates to cases of intestacy, as section 30 forms one of a series of sections providing for the issue of letters of administration *"wherever any person shall die intestate".*

Section 35 of Article 93 provides for cases like the present one. It declares "If letters of administration are to be granted with a copy of the will annexed, and there be a residuary legatee or legatees in such will he or they shall be preferred to all except a widow." Section 35 further directs the Court to proceed in the manner directed by law with respect to executors within the State before administration *c. t. a.* shall be granted to any other person. In *Brodie* v. *Mitchell,* 85 Md. 518, we held that the words "in the manner directed by law", which, by the provisions of the section, govern the proceedings of the Orphans' Court in appointing administrators *c. t. a.* in cases like the present one, related to the provisions of sections 32 and 33 relative to notice so that the persons entitle should have a day in Court. In the present case the executor named in the will voluntarily declined to act, and there being no widow, the residuary legatee was under the terms of the statute next entitled. The appellant in our opinion answers fully to the description of a residuary legatee. The mere fact that she takes an estate in remainder in the residue does not take her out of the category of residuary legatees.

Where there is only one individual answering to the statutory description of the person entitled the law must be strictly obeyed and he must be appointed. *Carpenter* v. *Jones,* 44 Md. 628; *Griffith* v. *Columbus,* 61 Md. 250. It is

equally clear that the law has conferred upon the Orphans' Courts the power and discretion of making a selection, from a class of persons equally entitled, of the one to receive the appointment. *Bowie* v. *Bowie,* 73 Md. 232; *Kailer* v. *Kailer,* 92 Md. 147.

If, in the present case, the Orphans' Court, which was without the power to try or determine the issue of the sanity of Mary T. Dallas, the other one of the two residuary legatees named in the will, had resorted to the method prescribed by section 55 of Article 93, of the Code, of issuing a writ *de lunatico inquirendo* to try that issue, and it had in that manner been determined that she was in fact *non compos,* then the appellant as the only competent residuary legatee would, as a matter of law, been entitled to the appointment. *Kearney* v. *Turner* 28 Md. 425; *Bowie* v. *Bowie, supra; Kailer* v. *Kailer, supra.*

Or the Orphans' Court might have selected, and it may still select the appellant as the one of the two residuary legatees to whom to issue the letters, but it was plainly erroneous for that tribunal in the face of the appellant's application for the letters to grant them to Bernard J. Byrne as was done by the order appealed from, which must, therefore, be reversed and the case remanded for further proceedings in conformity to this opinion.

> *Order reversed and case remanded for further proceedings in accoordance with this opinion. Appellee to pay the costs.*