JOSEPH W. LEWIS *vs.* GEORGE C. LOGAN, R. HARRY LOGAN, ADMINISTRATORS.

*Letters of Administration*: *parties entitled; pendente lite; discretion of Orphans' Court.· Art. 93, sec. 68, of the Code*: *renunciation of right.*

The determination as to what parties are entitled to letters of administration is to be made not as of the time of the death of the decedent, but as of the time for the issuing of letters.

p. 333

Under section 68 of Article 93 of the Code, when the validity of a will is to be contested letters of administration *pendente lite,* in the discretion of the Orphans' Court, may be granted to the person named as executor, or to the person to whom the largest portion of the personal estate is bequeathed in the will, or to the person who would be entitled to letters as in cases of intestacy; should those of the third class named, who would be first entitled to such letters, renounce their rights, the next of kin would become eligible to such appointment.

p. 333

It is discretionary with the Orphans' Court to make the selection of administrator *pendente lite* from any one of the three classes named, and also as to which of the persons within the third class, if eligible, shall be appointed.      pp. 333-334

*Decided April 10th, 1913.*

Appeal from the Orphans' Court of Cecil County

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Joshua Clayton* (with whom was *W. T. Warburton* on the brief), for the appellant.

*Frederick T. Haines,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

Joseph R. Burns, late of Cecil county, Maryland, died on November 15th, 1912. On November 19th Alice Y. Logan and Mary A. Logan, sisters of Joseph R. Burns, filed their petition in the Orphans' Court, alleging that the said Joseph R. Burns died at the time aforesaid, unmarried and without issue surviving him, leaving them as his next of kin, and that Joseph W. Lewis, the appellant in this case, son of Amy Lewis, a deceased sister of the petitioners and Joseph R. Burns, deceased, was about to offer for probate in said Court a paper writing dated the 6th day of November, of the same year, purporting to be the last will and testament of Joseph R. Burns, in which the appellant was named as executor and sole beneficiary; and in their petition they allege that such paper writing was not the last will and testament of Burns, but that he died intestate. They further charge in said petition, (1) that the alleged will was not executed by him when he was of sound and disposing mind and capable of making a valid deed or contract, and (2) that it was procured by undue influence exercised and practiced upon him; and asked that the will should not be attested to probate and

that letters testamentary should not be issued to the said Lewis.

On the day that this petition was filed the said will, naming Lewis executor and sole beneficiary, was offered for probate in said Court, and on the following day the petitioners aforesaid renounced their right to letters of administration *pendente lite* upon his estate, and with such renunciation filed a petition in which they allege the necessity for the appointment of an administrator *pendente lite,* and asked that George C. and R. Harry Logan, residents of the county, be appointed such administrators.

To this petition the appellant answered, contending that such an administrator was not necessary, but in his answer stated that should the Court differ with him and decide that such letters of administration should be granted upon the estate, then he alleged they should be granted to him under section 68 of Article 93 of the Code of 1912, which provides that, "In all cases where the validity of a will is or shall be contested, letters of administration pending such contest may, in the discretion of the Orphans' Court, be granted to the person named as executor, or to the person to whom the largest portion of the personal estate may be bequeathed in such contested will, or to the person who would be entitled to letters of administration by law, as in cases of intestacy."

In his answer he alleges that he is the person entitled to letters of administration in each of the first two of the three classes above mentioned, and that inasmuch as Alice Y. Logan and Mary A. Logan, sisters of the deceased, had renounced their right to administer, the third class was exhausted, "because the said Joseph R. Burns did not leave a widow, nor child, nor grandchild, nor father, nor brother surviving him, and there remains no one mentioned in the third class who would be entitled to letters of administration by law, as in cases of intestacy," and therefore the selection had to be made from one of the two preceding classes, which would entitle him to the appointment.

Upon the petition and answer aforesaid, the Court, on November 23rd, 1912, appointed George C. and R. Harry Logan, administrators *pendente lite.* It is from this order that the appeal is taken.

The question here presented is a narrow one and is not, we think, difficult to determine. It is conceded that the appointment of the sisters, or one of them, would have been permissible under section 68 of Article 93, and it is because of their renunciation that the contention is made by the appellant that no selection or appointment of an administrator *pendente lite* can be made from the third class named in the statute, and that as a result, the selection must be made from one of the two preceding classes. The question involved, therefore, depends solely upon the effect to be given to the renunciation of the sisters.

The language of the statute is "to the person who would be entitled to letters of administration by law, as in cases of intestacy." We understand the contention of the appellant to be that the person entitled to letters by law, as in cases of intestacy, means the person first entitled and no other, and that should such person renounce the right is not conferred upon the next of kin or upon those that would have been entitled had such person renouncing not been living at the time the letters were to be issued. We can not adopt this construction of the statute.

In ascertaining its meaning, we are to inquire who would be entitled to letters of administration upon the estate of Joseph R. Burns should it be held he died intestate? Would the statute confer this right alone upon the sisters, or would it pass to the next of kin, should they renounce the right to administer? There can be no question as to its passing to the next of kin.

Section 37 of Article 93 of the Code of 1912 provides: "If any person entitled to administration shall deliver or transmit to the Orphans' Court a declaration in writing that he is willing to decline the trust, the Court shall proceed as

if such person were not entitled." Therefore, upon the re-
nunciation of the sisters, the Orphans' Court were to proceed
as if such persons were not entitled, and the right to letters
passed on to the next of kin. (Sec. 22, Art. 93, Code of
1912.)

The statute in speaking of the person entitled to letters of
administration by law, means the person entitled, not at the
time of the death of the decedent, but at the time letters are
to be issued. *Griffith* v. *Coleman,* 61 Md. 251. Therefore
at the time letters in this case were to be issued, the sisters
were not entitled, by reason of their previous renunciation, or
at least under the statute were to be treated as not entitled
thereto.

In the case of *Williams* v. *Addison,* 93 Md. 45, a case in
some respects very similar to the one before us, the Court
there said: "When the sister of the deceased renounced, the
next of kin became entitled, because the renunciation pro-
duced precisely the situation which would have existed had
Mrs. Wyatt (the sister) been dead. The next of kin was the
niece, Mrs. Addison. The fact that she had no interest in
the estate so long as her mother lived, did not disqualify her."
There can be no question that the right to administer upon
the estate of the decedent in this case, should he be held to
have died intestate, after the renunciation of the sisters,
would pass to the next of kin. Therefore, the next of kin
would be eligible to appointment as administrator *pendente
lite* as of the third class mentioned in the statute, and it was
in the discretion of the Court to make its selection of admin-
istrator *pendente lite* from any one of the three classes.

The appellant and appellees were all nephews of the dece-
dent. The appellant is the son of a deceased sister, while
George C. and R. Harry Logan are sons of the said Mary A.
and Alice Y. Logan, respectively, surviving sisters of the
decedent. Therefore the appellees, as next of kin are equally
entitled with the appellant to letters of administration *pen-
dente lite* upon the estate of their deceased uncle; and it was

discretionary with the Orphans' Court to which of them letters should be granted.

In the case of *Bowie* v. *Bowie*, 73 Md. 235, JUDGE MC-SHERRY, speaking for the Court, said: "When the statute is silent (as to which one, of a class consisting of several persons, letters of administration shall be granted) the authority to determine this must rest somewhere, and confessedly no tribunal other than the Orphans' Court has jurisdiction at all over the subject of the appointment of an administrator. It of necessity follows, then, that whenever the contingency arises, as it must often do, where one of several persons forming a distinct class, all of whom are equally entitled, is to be selected as an administrator, the selection— the designation of one of them to the exclusion of others, is committed to the discretion of the Orphans' Court, and this Court has so expressly decided." *Cook* v. *Carr*, 19 Md. 1.

Therefore as the Orphans' Court of Cecil County were authorized and empowered, in the exercise of their discretion, to grant letters of administration *pendente lite* upon the estate of Joseph R. Burns, deceased, unto the appellees, the order appealed from will be affirmed.

*Order affirmed, with costs to the appellees.*