T. BENTON DAUGHERTY and HARRY S. CARVER,
ADMINISTRATORS PENDENTE LITE OF ANNIE V.
DAUGHERTY, DECEASED,

*vs.*

CATHERINE DAUGHERTY.

*Register of wills: power during recess of Court. Wills: caveat;
executors; discretion of Court; largest creditors.
Probate: notice to relatives.*

Under sec. 440 of Ch. 680 of the Acts of 1916, the Register
of Wills for Harford County, during the recess of the Orphans'
Court, has full power and jurisdiction to do all matters and
things whatsoever which the said Orphans' Court could do at
its regular sessions.                                   p. 492

In all cases where the validity of a will is contested, letters
of administration, pending such contest, may, in the discretion
of the Orphans' Court, be granted to the person named executor,
or to the person to whom the largest portion of the personal
estate may be bequeathed by such will or to the person who
would be entitled to letters of administration by law in cases
of intestacy.                                           p. 492

It is only where none of the near relations of a decedent are
present when the will is exhibited for probate, that the provi-
sions in the Code apply which require that notice of the pro-
bate of a will must be given.                       pp. 492-493

It is competent and within the power of the Orphans' Court upon charges of incompetency, neglect of duty or unfaithful conduct injurious to the interest of the estate, to remove administrators and appoint others in their places as administrators *pendente lite* under the control of the Orphans' Court, provided such allegations upon hearing are sustained by proof.     p. 493

*Decided December 12th, 1917.*

Appeal from the Orphans' Court of Harford County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER and CONSTABLE, JJ.

*Harry S. Carver* (with whom were *James J. Archer* and *John S. Young* on the brief), for the appellants.

*Thomas H. Robinson* (with whom was *Stevenson A. Williams* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

Annie V. Daugherty, late of Harford County, died in 1917, leaving a last will and testament in which she gave and devised all of her property to her sister Catherine Daugherty and named her as sole executrix of the will.   She left surviving her as heirs at law a brother, one of the appellants, a sister, the appellee, and a number of nephews and nieces, children of the deceased brothers.

.It appears that the will was offered for probate to the Orphans' Court of Harford County on the 6th of January, 1917, and shortly thereafter a petition, caveat and an answer to the caveat were filed.

·On the 28th of March, 1917, upon application and in the recess of the Orphans' Court letters of administration *pen-*

*dente lite* were granted to the appellants by the Register of
Wills of Harford County and they duly qualified as such.

Subsequently on the 3rd day of April, 1917, a petition was
filed by the appellee in the Orphans' Court, wherein it is
charged, in substance, first, that the appointment of the
appellants was improper and invalid, because without any
notice to the appellee, a sister of the testatrix; and second,
because the appellee was entitled to have letters of adminis-
tration *pendente lite* granted to her and not to the appellants.

The prayer of the petition was that the Orphans' Court
rescind the order passed by the Register of Wills in the
recess of the Court appointing the appellants and to appoint
the petitioner and James W. McNabb as administrators *pen-
dente lite* of the estate.

An answer was filed to the petition by one of the adminis-
trators, Harry S. Carver, and several motions interposed,
which will be found set out in the record.

On the 3rd of April, 1917, the following order was passed
by the Court:

"An order having been passed by the Register of Wills on
the 28th day of March, 1917, appointing T. Benton Daugh-
erty and Harry S. Carver administrators *pendente lite* of
Annie V. Daugherty, deceased, and it appearing to this Court
on the petition of Catherine Daugherty and the answer there-
to of Harry S. Carver, one of said administrators *pendente
lite,* and after argument of counsel, that said order was im-
providently passed and without notice to the said Catherine
or her attorney, it is thereupon this 3rd day of April, in the
year 1917, by the said Orphans' Court of Harford County
adjudged and ordered that the said order appointing the said
T. Benton Daugherty and Harry S. Carver administrator
*pendente lite* of Annie V. Daugherty be and the same is
hereby rescinded, and that the question of the appointment
of administrators *pendente lite* on the estate of said Annie
V. Daugherty, deceased, stand for hearing on Wednesday,
April 4th, 1917, at 11 o'clock A. M."

From this order the appellants have appealed.

It appears from section 440, Chapter 680 of the Acts of 1916, that the Register of Wills of Harford County, during the recess of the Orphans' Court, has full power and jurisdiction to do all matters and things whatsoever which the said Orphans' Court could do at its regular sessions, and there shall be the same right of appeal from any order, decree or judgment of the register as from the orders, decisions or judgments of the said Orphans' Court.

By section 68 of Article 93 of the Code it is provided, in all cases where the validity of a will is or shall be contested, letters of administration pending such contest may, in the discretion of the Orphans' Court be granted to the person named executor or to the person to whom the largest portion of the personal estate may be bequeathed in such contested will or to the person who would be entitled to letters of administration by law, as in cases of intestacy.

The Register of Wills appointed T. Benton Daugherty, a brother of the testator, who associated with him the other appellant, Harry S. Carver. The brother was clearly within the class and description contained in section 68 of Article 93 and would have been entitled to administration if there had been an intestacy. Sects. 21 and 23, Art. 93 of Code; *Bowie v. Bowie,* 73 Md. 235; *Lewis* v. *Logan,* 120 Md. 334.

The will was presented to the Orphans' Court and offered for probate by the appellee on the 6th of February, 1917, and letters of administration *pendente lite* were not applied for until March 28th, 1917.

Objection is made that the law provides for notice to those entitled to administer and as no proper notice was given to the appellee, the Register of Wills was without jurisdiction to make the appointment. The case of *Lederer* v. *Johannsen,* 124 Md. 453; *Linthicum* v. *Linthicum,* 130 Md. 152; *Parker et al. v. Leighton et al.,* 131 Md. 407, are conclusive upon this question. It is held in each of these cases that it is only where none of the near relations of the deceased are present when the will is exhibited for probate that it must be made to appear that reasonable notice was given them.

In the present case, the appellee, the sister was present when the will was exhibited to the Orphans' Court and the brother, one of the appellants, was present when letters *pendente lite* were granted.

Upon the facts disclosed by the record in this case we think the appointment of the appellants as administrators *pendente lite* was made in substantial compliance with law and was a valid appointment.

It would be competent, and within the power of the Orphans' Court upon charges of incompetency, neglect of duty or unfaithful conduct, injurious to the interest of the estate, if sustained by proof and upon a hearing, to remove the administrators and appoint others in their place, as administrators *pendente lite* are under the control of the Orphans' Court. *Wingert* v. *State,* 125 Md. 542; *Cox* v. *Chalk,* 57 Md. 569; *Carey* v. *Reed,* 82 Md. 394.

These questions, however, are not presented by the record before us and as the appointment of the appellants as administrators *pendente lite* by the Register of Wills of Harford County, in the recess of the Orphans' Court was validly and regularly made in accordance with the provisions of the statute the Orphans' Court committed an error in rescinding the appointment and the order appealed from must be reversed and the petition will be dismissed.

*Order reversed and petition dismissed, with costs to the appellants.*