## C. EDWARD SCHAUMLOEFFEL, JR. *v.* MARY J. SCHAUMLOEFFEL, ET AL.

[No. 106, October Term, 1945.]

*Decided April 11, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Louis J. Jira,* with whom was *John S. Mahle* on the brief, for the appellant.

No appearance and no brief for the appellees.

COLLINS, J., delivered the opinion of the Court.

Charles Edward Schaumloeffel died on May 13, 1945, testate, a resident of Baltimore County. He appointed his widow, Mary J. Schaumloeffel, the executor of his estate. He devised and bequeathed the rest and residue of his estate to his wife, the said Mary J. Schaumloeffel, "for and during the term of her natural life, and from and after her death, unto my three children, F. Althea Eichert, C. Edward Schaumloeffel, Jr., and Arthur Gordon Schaumloeffel (now known as Arthur Gordon Schaum), their heirs, personal representatives and assigns, absolutely and forever."

Letters testamentary were granted to the widow, Mary J. Schaumloeffel, on May 17, 1945, by the Orphans' Court of Baltimore County and she qualified the same day.

By virtue of a writ *de lunatico inquirendo* issued out of the Circuit Court of Baltimore County, at an inquisition taken on July 9, 1945, at Towson, the jury found that Mary J. Schaumloeffel aforesaid was of unsound mind and a lunatic, without lucid intervals, so that she was not capable of the government of herself or the management of her estate. After that finding on July 26, 1945, the Circuit Court for Baltimore City disapproved the finding of the sheriff's jury, but assumed jurisdiction over the person and estate of the said Mary J. Schaumloeffel by reason of Code, Article 16, Section 125, which provides in part that "the Court shall have power also to appoint a Committee or Trustee to take charge of and manage the property of any person incompetent by reason of a mental disability," and appointed Donald W. Powers her committee.

On August 24, 1945, C. Edward Schaumloeffel, Jr., a son of the testator, filed in the Orphans' Court of Baltimore County a petition in which he recited the grant of letters testamentary to the said Mary J. Schaumloeffel, that immediately thereafter she became mentally ill, the appointment of the committee for her, that the next of kin and only heirs-at-law of the testator were the devisees of the rest and remainder of his estate. He further alleged that Arthur Gordon Schaumloeffel died on June 27, 1945. He prayed that letters testamentary on the estate of his father, granted to Mary J. Schaumloeffel be revoked and that letters *de bonis non* with the will annexed be granted to the petitioner.

Testimony was taken before the Orphans' Court. That court on September 13, 1945, passed an order revoking the letters testamentary previously granted Mary J. Schaumloeffel and discharged her bond and granted letters of administration *de bonis non cum testamento annexo* on the estate of C. Edward Schaumloeffel, Sr., to

John S. Mahle and Donald W. Powers. From that order C. Edward Schaumloeffel, Jr., appeals here contending that the letters should be granted to him.

It is provided by Flack's Code (1939), Article 93, Section 35:

"If letters of administration are to be granted, with a copy of the will annexed, and there be a residuary legatee or legatees in such will, he or they shall be preferred to all except a widow, and it shall be incumbent on the court to proceed in the manner directed by law with respect to executors within the State, before administration shall be granted to any other person; and a male residuary legatee shall be preferred to a female."

In this case, if the Orphans' Court was correct in revoking the letters previously granted to Mary J. Schaumloeffel, the remaining residuary legatees are the son, C. Edward Schaumloeffel, Jr., and the daughter, F. Althea Eichert, the son Arthur Gordon Schaumloeffel having died between the time of the death of the testator and the time of the hearing. The only male residuary legatee is the petitioner, C. Edward Schaumloeffel, Jr.

In the case of *McCaughy v. Bryne, Adm'r*, 115 Md. 85, 80 A. 653, one Emily Wyman by will named a trust company of Washington, D. C., as executor of her will. That institution declined to act. The rest and residue of her estate was devised and bequeathed to Mary Theresa Dallas, at her death to go to Annie McCaughy. The Orphans' Court then appointed Mary Theresa Dallas, administratrix *cum testamento annexo*. Later a petition was filed alleging that Mary Theresa Dallas was *non compos mentis* and hence incompetent to act, and prayed the rescission of the order appointing her administratrix *c. t. a.* and the appointment as such administratrix of Annie E. McCaughy, who claimed the right of appointment by virtue of being a residuary legatee under the will. As a result of that petition the Orphans' Court passed an order rescinding the appointment of Mary Theresa Dallas and directed letters of like character be granted to Bernard J. Byrne, a creditor, who had also

applied for appointment. Annie McCaughy appealed to this court. After citing the provisions of Article 93, Section 35, *supra,* this court said at pages 88 and 89 of 115 Md., at page 654 of 80 A.: "The appellant in our opinion answers fully to the description of a residuary legatee. The mere fact that she takes an estate in remainder in the residue does not take her out of the category of residuary legatees. Where there is only one individual answering to the statutory description of the person entitled, the law must be strictly obeyed, and he must be appointed. *Carpenter v. Jones,* 44 Md. [625], 628. *Griffith v. Coleman,* 61 Md. 250. It is equally clear that the law has conferred upon the orphans' courts the power and discretion of making a selection, from a class of persons equally entitled, of the one to receive the appointment. *Bowie v. Bowie,* 73 Md. 232, 20 A. 916; *Kailer v. Kailer,* 92 Md. 147, 48 A. 712. If, in the present case, the orphans' court, which was without the power to try or determine the issue of the sanity of Mary T. Dallas, the other one of the two residuary legatees named in the will, had resorted to the method prescribed by Section 55 of Article 93, of the Code, of issuing a writ *de lunatico inquirendo* to try that issue, and it had in that manner been determined that she was in fact *non compos,* then the appellant as the only competent residuary legatee would as a matter of law have been entitled to the appointment. *Kearney v. Turner,* 28 Md. [408], 425; *Bowie v. Bowie, supra; Kailer v. Kailer, supra.*"

If the Orphans' Court was correct in revoking the letters previously granted to Mary J. Schaumloeffel by reason of the fact that she was *non compos mentis,* then the appellant, C. Edward Schaumloeffel, Jr., is the only one individual answering the description of the person entitled, being the only surviving male residuary legatee, and as the law must be strictly obeyed he should have been appointed.

The remaining question is therefore whether Mary J. Schaumloeffel was rightfully removed as executrix.

In Maryland an executrix can be removed only for legal and specific causes. *Bagby's Maryland Law of Ex-*

*ecutors and Administrators,* Sec. 47, p. 82; *Snook v. Zentmyer,* 90 Md. 705, 706, 45 A. 1006; *Belt v. Hilgeman, Brundige Co.,* 138 Md. 129, 135, 136, 113 A. 721; *Daugherty v. Daugherty,* 131 Md. 489, 493, 102 A. 749; *Robinson v. Robinson,* 178 Md. 623, 627, 16 A. 2d 854.

By the provisions of Flack's Code (1939), Article 93, Section 60, same section Code (1924), Article 93, Section 57, it is provided: "Any inquisition of a jury on a writ issued from a court of equity finding the party an idiot, lunatic or *non compos mentis,* and confirmed by the court, shall be conclusive evidence of the unsound mind of the party; and if such inquisition shall not have been had at the time when administration ought to be granted, a writ *de lunatico inquirendo* may issue by the circuit court or orphans' court, on the petition to either of said courts of any person interested and the finding of the jury that the party is an idiot, lunatic or madman, or *non compos mentis,* thereon returned and confirmed by the court, shall be conclusive against the party, and a certificate from the clerk of the court, under seal, stating the substance of the proceedings, shall be evidence in the orphans' court, who may thereon proceed as if the party had not been named in the will."

In the case before us the writ *de lunatico inquirendo* was not only not confirmed, but disapproved by the court. This court said in the case of *Mobley v. Mobley,* 149 Md. 401 at page 408: "And the orphans' court has no power to declare a party, who is entitled to administer, to be of unsound mind, incapable of making a valid deed or contract, but the law exacts that this be first adjudicated under a writ *de lunatico inquirendo* issued by either the circuit court or orphans' court on the petition of any person interested. Code, 1924, Art. 93, Sec. 57; *Kearney v. Turner,* 28 Md. 425; *Wheeler v. Stifler,* 82 Md. 649; *McCaughy v. Byrne,* 115 Md. 89, 80 A. 653." Where the finding of the jury is not confirmed by the court issuing the writ, the adjudication could certainly not be considered as an "adjudication under a writ *de lunatico inquirendo.*"

Therefore at the time of the decision in *Mobley v. Mobley, supra*, January 12, 1926, the Orphans' Court was without power to remove an executrix merely upon the finding of a jury under a writ *de lunatico inquirendo* not confirmed by the court.

By Chapter 518 of the Acts of 1929, Code, Art. 16, Sec. 125, *supra*, and the amendments thereto, the court is given power "to appoint a Committee or Trustee to take charge of and manage the property of any person incompetent by reason of a mental disability." (See Acts of 1945, Chapter 387, providing for the release of such persons.) Under the provisions of this section as above set forth the Circuit Court for Baltimore County, on the 26th day of July, 1945, assumed jurisdiction over the person and estate of the said Mary J. Schaumloeffel and appointed a committee with full power and authority to care for and manage her property and this proceeding of the Circuit Court was before the Orphans' Court at the time of the passage of the order in question.

It is provided by Code, Article 93, Section 56: "If any person named as executor in a will shall be, at the time when administration ought to be granted, under the age eighteen years or of unsound mind, * * * letters testamentary or of administration (as the case may require) may be granted in the same manner as if such person had not been named in the will." *Robinson v. Robinson*, 178 Md. 623, 627, 628, 16 A. 2d 854.

We must therefore conclude that the Orphans' Court had sufficient authority to remove Mary J. Schaumloeffel as executrix and for the reasons herein given should have appointed C. Edward Schaumloeffel, Jr., administrator *de bonis non cum testamento annexo* in the place of Mary J. Schaumloeffel. Therefore the order of the Orphans' Court must be reversed and the case remanded.

*Order reversed; case remanded for passage of an order in conformity with this opinion; costs to be paid by the estate of Charles Edward Schaumloeffel.*