## JOSEPH LANGFELDER *v.* ADOLPH LANGFELDER

[No. 158, October Term, 1946.]

*Decided July 8, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Harry O. Levin* for the appellant.

*Hiram J. Weiskopf* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This is a contest between two applicants for letters of administration on the estate of Annie Glasel, a resident of the City of Baltimore, who died on November 16, 1946.

On December 28, 1946, Adolph Langfelder, a surviving brother of the deceased, petitioned the Orphans' Court

of Baltimore City to appoint him administrator of her estate. He alleged in his petition that the deceased left personal property having an estimated value of $55,000, about $25,000 of which is located in Baltimore, and about $30,000 in New York. He alleged that he had made diligent search for a will, but none has come to his knowledge or possession. He further alleged that the deceased is survived by the following heirs: the petitioner, who resides on Brookfield Avenue in Baltmore; Joseph Langfelder, another brother, who resides in Brooklyn, New York; a sister, who resides in the Bronx, New York; a sister, who resides in Miami Beach, Florida; and the children of two deceased brothers.

On December 31 Joseph Langenfelder filed a similar petition alleging that his deceased sister left personal property having an estimated value of $60,000, and praying the Orphans' Court to grant letters of administration to his brother and himself.

On December 31 the Court, after considering both petitions, granted letters of administration on the estate of the deceased to Adolph Langfelder, the first petitioner, and ordered him to give bond with corporate surety in the penalty of $25,000. The Court thereby refused to appoint the second petitioner as co-administrator. From the order appointing Adolph, Joseph entered this appeal.

The Maryland testamentary statute provides: "If there be neither surviving husband nor widow as the case may be, nor child, nor grandchild, nor father, the mother shall be preferred, and next to the mother, brothers and sisters shall be preferred. Code, 1939, Art. 93, sec. 22. It is clear that where two or more persons form a distinct class, all of whom are equally entitled to be granted letters of administration, the selection of one of them, without regard to seniority, to the exclusion of the others, is committed by the Legislature to the discretion of the Orphans' Court, and from the order of the Court making such determination no appeal will lie. *Bowie v. Bowie,* 73 Md. 232, 235, 20 A. 916; *Dorsey v.*

*Dorsey,* 140 Md. 167, 170, 116 A. 915. In the instant case the appellant and the appellee are both in the same class preferred by the statute. Consequently the Orphans' Court had the authority to make the selection and appoint the appellee, rather than the appellant.

The contention of the appellant is that the grant of letters of administration was improper on the ground that the Court passed the order without taking testimony and making any record. He says that, after the two separate petitions were filed praying for letters of administration, there were no answers or other pleadings; that there was no proceeding other than an informal discussion by the attorneys for the petitioners before the Court; and that no stenographer was present to take down the discussion of the attorneys. It is undeniable that the power conferred by the Legislature upon the Orphans' Court to grant letters to one of a class entitled to administration is not an arbitrary or capricious discretion, but a judicial discretion, which must be exercised in accordance with the rules of law laid down by the Legislature. While orders passed in the exercise of the discretion conferred upon the Orphans' Court will not be reviewed by the Court of Appeals, any action taken in contravention or disregard of the plain letter and intent of the statutes prescribing the course it shall pursue in exercising that discretion may be reviewed on appeal.

The right to administer upon the estate of a deceased relative is a valuable right granted by the Legislature, and cannot be delegated. *Thomas v. Knighton,* 23 Md. 318, 326, 87 Am. Dec. 571; *Phillips v. Clark,* 176 Md. 578, 583, 6 A. 2d 220. Hence it is evident that persons who have the statutory right to apply for letters of administration are entitled at least to be heard in respect to their claims. To assume that the judgment of the Court would not be influenced by competent evidence relating to the propriety of its choice is equivalent to assuming that the Court would disregard its manifest duty. *Horton v. Horton,* 157 Md. 127, 133, 145 A. 355.

While the procedure in the Orphans' Courts of this State is not formal, and great indulgence is allowed in the conduct of their proceedings, nevertheless these proceedings must be conducted in a fair and orderly manner and somewhat according to the pattern of procedure followed in the courts of equity, so that there will be an adequate record in each Orphans' Court and it will be possible for the Court of Appeals to review the legality and propriety of any order, judgment or decree. *Phillips v. Clark,* 176 Md. 578, 582, 6 A. 2d 220.

In this case, however, there is nothing in the record to indicate that the appellant made any proffer of what he wanted to prove at the informal hearing. In fact, he did not ever contend that the Orphans' Court denied him the opportunity to offer testimony. The Court exercised its discretion by selecting the brother who resides in Baltimore in preference to the brother who is a non-resident of this State. It was not shown that the non-resident brother was entitled to administration under our statute. Code, 1939, art. 93, sec. 43. The attorney for the appellant asked the Court to defer the appointment to enable him to produce witnesses; but he has given no reason why he wants to produce witnesses or any statement of what he proposes to prove. There is no dispute as to relationships, and there is no claim that Adolph Langfelder is disqualified to act as administrator of the estate. Thus is it plain that the appellant has not shown any need for the taking of testimony. A plenary proceeding implies a complaint, a request for some definite relief, and allegations of fact sufficient to justify the granting of that relief. *Kerby v. Peters,* 172 Md. 1, 190 A. 511.

In fact, the appellant has made no objection to the appointment of his brother. In his petition he prayed the Court to grant letters to both his brother and himself. The statute provides: "Administration may be granted to two or more persons, with the consent of the person first entitled; provided, that administration in all cases shall extend to all the personal property of the decedent

within the State." Code, 1939, art. 93, sec. 16. It is the recognized law of this State that the person "first entitled" to administer, within the meaning of Section 16, is that person selected by the Orphans' Court from the class of persons so entitled to administration, and that the matter of granting letters to a person jointly with another is within the discretion of the Court, and from its decision no appeal lies. *Kailer v. Kailer,* 92 Md. 147, 149, 48 A. 712; *Mobley v. Mobley,* 149 Md. 401, 404, 131 A. 770; *Baldwin v. Hopkins,* 171 Md. 97, 101, 187 A. 884. It follows that the Orphans' Court, having passed an order appointing one brother as administrator of an estate, cannot be compelled to appoint another brother as a co-administrator without the appointed brother's consent. *Kerby v. Peters,* 172 Md. 1, 190 A. 511.

Inasmuch as the Orphans' Court had the discretionary power to appoint either of the brothers of the intestate, and the record contains nothing to show that the Court failed to exercise its discretion, the appeal must be dismissed.

*Appeal dismissed, with costs.*