KUENNE *v.* LOFFLER, Personal Representative of
the Estate of Raymond E. Kuenne

[No. 28, September Term, 1972.]

*Decided October 11, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Stedman Prescott, Jr.,* with whom were *Staley, Prescott & Ballman* on the brief, for appellant.

*Thomas C. Hayden, Jr.,* with whom was *H. A. Turner, IV,* on the brief, for appellee.

PER CURIAM:

On 29 March 1970, Raymond E. Kuenne died intestate, domiciled in Charles County, Maryland, leaving his two sisters, Lillian Kuenne and Margaret Loffler, as his only next of kin and heirs at law, and an estate appraised at some $1,350,000.[1] Three days after Mr. Kuenne's death, Mrs. Loffler, a resident of Charles County, qualified as personal representative of her brother's estate. Some four months later, Miss Kuenne, a resident of the District of Columbia, by petition filed in the Orphans' Court for Charles County, sought to qualify as a personal representative jointly with Mrs. Loffler. From an order of the orphans' court denying her petition, Miss Kuenne appealed to the Circuit Court for Charles County. At her request, the case was removed to the Circuit Court for Calvert County, which affirmed the denial. This appeal followed.

Mrs. Loffler has moved to dismiss the appeal, arguing —and we think quite correctly—that an order granting letters of administration to one member of an equally entitled class to the exclusion of others lies within the sound discretion of the orphans' court and that from such a determination no appeal will lie, *Langfelder v. Langfelder,* 189 Md. 88, 93, 54 A. 2d 312 (1947) ; *Dorsey v. Dorsey,* 140 Md. 167, 170, 116 A. 915 (1922) ; *Kailer v. Kailer,* 92 Md. 147, 149, 48 A. 712 (1900) ; *Bowie v. Bowie,* 73 Md. 232, 235, 20 A. 916 (1890) ; 1 Sykes,

---

1. See *Cherry v. Loffler,* 265 Md. 704, 291 A. 2d 484 (1971).

*Probate Law and Practice* § 245, at 254 (1956), in the absence of proof that the court failed to exercise sound discretion, *Horton v. Horton*, 157 Md. 127, 145 A. 355 (1929).

Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 5-104 (c) provides:

> *"Appointment within class.*—When there are several eligible persons in a class entitled to letters, the court or register may grant letters to one of them, or to more than one of them, as necessary or convenient for the proper administration of the estate; . . . ."

While the cases on which Mrs. Loffler relies dealt with § 19 of Art. 93 of Code (1957) and its progenitors, it was not the intention of the draftsmen of Ch. 3, § 1 of the Laws of 1969, which recodified our law relating to decedents' estates, to alter the prior case law, *see* penultimate paragraph of the Comment appended to § 5-104.

Miss Kuenne does not allege an abuse of discretion, since she was not denied a hearing as was the case in *Horton, supra,* but rather, says:

> ". . . [S]he is qualified to be a personal representative, she having served in the past in the capacity of a legal secretary and having had substantial business experience. Your Petitioner also believes it only fair that she share in the large commission to which a personal representative would be entitled for handling the administration of the estate and further alleges that if she were made a co-personal representative it would aid in the administration of the estate."

Miss Kuenne makes much of the fact that because she was one of the two persons equally entitled to administer the estate, her joinder in the petition for the grant of letters was required under Art. 93, § 5-205. The short answer to this contention is found in § 5-104 (b) :

> *"Exclusions.*—Letters shall not be granted to a person who, at the time any determination of priority is made . . . is
>
> \* \* \*
>
> (6) A nonresident of this State, unless there shall be on file with the register an irrevocable designation by him of an appropriate person who resides in this State on whom service of any process may be made in like manner and with like effect as if it were served personally in this State on such nonresident."

At the time of the grant of letters, Miss Kuenne, a resident of the District of Columbia, had designated no person on whom service might be made. In this posture, she was not entitled to letters, and not being entitled to letters, her joinder or consent was not required under § 5-205.

Next, Miss Kuenne contends that the petition which she filed should be regarded as a request for judicial probate for which provision is made in § 5-402 (a). The answer to this, as Mrs. Loffler says, is that Miss Kuenne, in response to a request for an admission of facts in the case below, conceded that she had not requested judicial probate. Consequently, the question cannot be raised here, Maryland Rule 885.

Finally, Miss Kuenne complains that the notice of Mrs. Loffler's appointment was not given within the time prescribed by § 7-104 and § 2-209. Although the record is not entirely clear, it would seem that notice was sent to Miss Kuenne by certified mail on 16 April 1970, within the 20 days of the grant of letters prescribed by the Code. In any event, since Miss Kuenne readily conceded that she had actual notice not later than 7 April that letters had been granted, there was no prejudice.

*Appeal dismissed, costs to be paid by appellant.*